**SO ORDERED.**

**SIGNED this 17 day of March, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

MICHAEL LEE CUMMISKY and
JENNIFER LYNNE CUMMISKY,

    DEBTORS.                                    CASE NO. 08-01579-8-JRL

_____

### ORDER

This case is before the court on the motion by Michael Lee and Jennifer Lynne Cummisky ("debtors") to set an alternative date for determining debtors' "current monthly income."

Debtors filed a voluntary petition under chapter 13 of the Bankruptcy Code on March 7, 2008. Debtors' Form B22C indicates that, based on the six month period immediately preceding the filing of their bankruptcy petition, their "current monthly income" is $4,569.67. This calculation is based, in part, on debtor Jennifer Lynne Cummisky's receipt of monthly income from her employment with Marine Federal Credit Union. Debtors' present motion contends that debtor Jennifer Lynne Cummisky had to terminate her employment due to medical problems/complications resulting from her pregnancy and does not expect to return to work because she is expecting to give birth in July 2008. As a result, the debtors contend, their actual monthly income is substantially less

than the "current monthly income" indicated on their Form B22C.  Debtors seek to have their "current monthly income" calculated based on a six-month period other than the six months immediately preceding their bankruptcy filing so that it more accurately reflects their actual monthly income.

A consumer debtor filing for relief under chapter 13 is generally required to file a Schedule I. 11 U.S.C. § 521(a)(1)(B)(ii).  However, the Bankruptcy Code permits the court to excuse a debtor from this requirement.  Id. § 521(a)(1)(B).  Whether the debtor files a Schedule I impacts the determination of the debtor's "current monthly income" under § 101(10A).  If the debtor files a Schedule I, the debtor's "current monthly income" is calculated by averaging the monthly income during a six-month period immediately preceding the bankruptcy filing.  Id. § 101(10A)(A)(i).  If the debtor does not file a Schedule I, the debtor's "current monthly income" may be determined using a period other than the six-month period immediately preceding the filing.  Id. § 101(10A)(A)(ii).

The court is aware that there are situations in which a "current monthly income" calculation using the six-month period immediately preceding the bankruptcy filing may inaccurately reflect the debtor's actual monthly income due to changed circumstances.  The court finds that this case presents this situation.  Therefore, the court strikes the debtors' original Form B22C and hereby grants the debtors permission to re-file their Schedule I[1] and Form B22C by July 1, 2008.  In completing the new Form B22C, the court directs the debtor to use the six-month period of January 1, 2008, to June 30, 2008. An extension of any longer duration would unduly impact the ability of

---

[1] Although the debtors did not originally file a Schedule I, the court directs them to do so by July 1, 2008, in order to avoid the automatic dismissal provision of 11 U.S.C. § 521(i)(1).

the Chapter 13 trustee to administer the case.

"**END OF DOCUMENT**"